UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HARUNA KIBUNDILA MALIANI,                )
as Next of Kin of                        )
RIGOBERT KIBUNDILA MALIANI,              )
Deceased.                                )
                                         )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )    No. 3:10-0235
                                         )    JUDGE HAYNES
                                         )
VANDERBILT UNIVERSITY MEDICAL            )
CENTER, et al.,                          )
                                         )
                                         )
        Defendants.                      )

## MEMORANDUM

Plaintiff, Haruna Kibundila Maliani, as next of kin of Rigobert Kibundila Maliani, filed this pro se action under 42 U.S.C. § 1983 for "wrongful death-deprivation of civil rights." Plaintiff also asserts claims under 42 U.S.C. § 1395cc(a)(1)(M), 42 C.F.R. 405.1205, 405.1206, 422.620, and 422.622 of the False Claims Act, 31 U.S.C. §§ 3729-3733, against the Defendants: Vanderbilt University doing business as Vanderbilt University Hospitals, Vanderbilt Medical Residents 1-999, Darrell Jones Licsw, Dr. Katelin James, Dr. Anne O'Duffy, Dr. Hakim, Dr. Derek Riebau, Dr. Howard Kishner, Vicki Stalmasek RN, Kreista Owens RN, Vanderbilt Medical Nurses Nuero ICU 1-999 (from October 4th 2008-November 13th 2008) (the "Vanderbilt Defendants"), Kindred Hospitals Limited Partnership d/b/a Kindred Hospital Nashville, Kindred Healthcare, Inc., Kindred Healthcare Operating, Inc., Kim Chapman, RN, Melissa Waltermier, LPN, Kerri Keogh, RN, Michelle James, RN, Darlene Cantrelle, RN, Scott

1

Coffee, RN, Heather, Michael Moody, CEO, Wound Nurses Kindred Hospital (1-999), Debbie Wheeler, Director of Case Management, Tania, LPN Case Manager, Director of Rehabilitation, Albert King, RN, and Naph'Tali Edge, RN Chief Nursing Officer, (the "Kindred Defendants") and Dr. Snigdha S. Priyadarshi, and Dr. Wayne E. Moore. In essence, Plaintiff alleges that the Defendant billed "services never rendered" resulting in Medicaid and Medicare fraud despite failing to provide care for Rigobert Maliani.

Before the Court are the Vanderbilt Defendants' motion to dismiss (Docket Entry No. 3); the Kindred Defendants' motion to dismiss (Docket Entry No. 5); Dr. Snigdha S. Priyadarshi's and Dr. Wayne E. Moore's motion to dismiss (Docket Entry No. 10); and the Kindred Defendants' motion to dismiss for insufficiency of service of process (Docket Entry No. 37). In their motion, the Vanderbilt Defendants contend, in sum: (1) that to the extent that Plaintiff asserts a medical malpractice claim, such claim should be dismissed because Plaintiff has failed to comply with the pre-suit notice provisions of Tenn. Code Ann. § 29-26-121; (2) that Plaintiff's claim is untimely; (3) that Plaintiff fails to allege the elements of a medical negligence claim; (4) that Vanderbilt is not a state actor for Plaintiff's § 1983 claim and that claim is also untimely; and (5) that a private right of action does not exist under the Social Security Act.

The Kindred Defendants' motion contends, in essence: (1) that Plaintiff failed to file a certificate of good faith for the medical malpractice claim, as required by Tenn. Code Ann. § 29-26-122; (2) that Plaintiff failed to satisfy the notice requirements of Tenn. Code Ann. § 29-26-121(a); (3) that Plaintiff failed to allege any facts about these Defendants as required by Tenn. Code Ann. § 29-26-115 et. seq.; (4) that they are not state actors for Plaintiff's § 1983 claim; (5) that § 1395cc does not provide Plaintiff a private right of action; and (5) that Plaintiff

2

failed to effect service of process on Defendants Kim Chapman, RN, Melissa Waltermier, LPN, Scott Coffee, RN, Michael Moody, CEO, Naph'Tali Edge, RN Chief Nursing Officer, Debbie Wheeler, Director of Case Management, Albert King, RN, Darlene Cantrelle, RN, and Michelle James, RN.

In their motion, Priyadarshi and Moore contend that Plaintiff failed to file a certificate of good faith as required by Tenn. Code Ann. § 29-26-122 and to satisfy the notice requirements of Tenn. Code Ann. § 29-26-121(a) for Plaintiff's medical malpractice claim that these Defendants are not state actors for Plaintiff's § 1983 claim and the Social Security Act does not provide right of action for Plaintiff's claim.

In response (Docket Entry No. 12), Plaintiff explains that this action does not assert medical malpractice claims under Tenn. Code Ann. § 29-26-122.

For the reasons set forth below, the Court concludes that the Defendants' motions to dismiss should be granted for the reasons set forth in the Defendants' motion.

## I. Analysis of the Complaint

Plaintiff, Haruna Kibundila Maliani, alleges that the Vanderbilt Defendants admitted Rigobert Maliani to Vanderbilt hospital on October 4, 2008 after he suffered a stroke. (Docket Entry No. 1, Complaint at ¶ 5). Rigobert Maliani remained a patient at Vanderbilt's hospital, "until suddenly without any notice to [Plaintiff's] family and strong objection by [Plaintiff] he was discharged to Kindred hospital on November 13th 2008." Id. Plaintiff alleges that the Kindred hospital "provided no care, abused, neglected, mentally abused, involuntary secluded Rigobert Kibundila Maliani, failed to provide basic medical and nursing services, leading to massive preventable pressure ulcers from head to heels; leading to system wide super infections

causing his death, while billing and collecting payments from Medicaid and Medicare for services and care never rendered." Id.

On November, 12, 2009, prior to filing the complaint, Plaintiff's counsel sent a letter to Vanderbilt, pursuant to Tenn. Code Ann. § 29-26-121(a), notifying Vanderbilt of a potential claim for medical malpractice. (Docket Entry No. 4, Exhibit A).

## II. Conclusions of Law

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contains[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted). Pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

### A. Medical Malpractice Act

Although Plaintiff denies the assertion of medical malpractice claims, because Plaintiff sent Vanderbilt a letter notifying it of a potential medical malpractice claim, and given Plaintiff's allegations about medical care provided to Rigobert Maliani as a patient at Vanderbilt and

Kindred Hospital, the Court concludes Tennessee Medical Malpractice Act is applicable to Plaintiff's claims.

The Tennessee Supreme Court has held that "when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable." Gunter v. Laboratory Corp. of America, 121 S.W.3d 636, 641 (Tenn. 2003). To establish a medical malpractice claim, a plaintiff must prove the following:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115. The statute of limitations for a medical malpractice action is one year. Tenn. Code Ann. § 29-26-116.

Here, Plaintiff alleges only that Rigobert Maliani was a patient at the Vanderbilt Hospital from October 8, 2008 through November 13, 2008, and was discharged on that date to Kindred Hospital without notice to Rigobert Maliani's family. Plaintiff's allegations as to the actions that allegedly led to Rigobert Maliani's death are directed solely at the Kindred Defendants. The Court concludes Plaintiff failed to assert the material elements of a medical malpractice claim against the Vanderbilt Defendants. Accordingly, Plaintiff's medical malpractice claims against

all of the Vanderbilt Defendants should be dismissed as untimely. This conclusion renders consideration of the Vanderbilt Defendants' other contentions moot.

As to the Kindred Defendants' and Drs. Priyadarshi's and Moore's contentions that Plaintiff failed to comply with the pre-suit notice provisions of Tenn. Code Ann. § 29-26-121 and the certificate of good faith requirement under Tenn. Code Ann. § 29-26-122, Tennessee law provides that:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.
>
> (2) The notice shall include:
>
>> (A) The full name and date of birth of the patient whose treatment is at issue;
>>
>> (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
>>
>> (C) The name and address of the attorney sending the notice, if applicable;
>>
>> (D) A list of the name and address of all providers being sent a notice; and
>>
>> (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121(a). In addition, "[i]f a complaint is filed in any court alleging a claim for medical malpractice, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2)." Tenn. Code Ann. § 29-26-121(b).

Tenn. Code Ann. § 29-26-122 provides in relevant part:

(a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

>   (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

>   (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

>   (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

>   (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiffs counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to

> obtain the medical records shall waive the requirement that the
> expert review the medical record prior to expert certification.

* * *

> (c) The failure of a plaintiff to file a certificate of good faith in compliance with
> this section shall, upon motion, make the action subject to dismissal with
> prejudice. . . .

Tenn. Code Ann. § 29-26-122(a), (c).

Here, Plaintiff's complaint does not allege any pre-suit notice to these Defendants at least sixty (60) days before filing his complaint. Plaintiff's complaint and his response to Defendants' motions also reveal Plaintiff's failure to file a certificate of good faith as required by Tenn. Code Ann. § 29-26-122. Based on these omissions, the Court concludes that Plaintiff's medical malpractice claims must be dismissed.

### B. Claims Under 42 U.S.C. § 1983

For his § 1983 claims, Plaintiff must allege that the conduct complained of was committed by a person acting under color of state law; and that conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Private hospitals and their employees are not considered state actors under § 1983. Bryant-Bruce v. Vanderbilt Univ., Inc., 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997). For a private actor to be subject to § 1983 liability, Plaintiff must allege the Defendant was "a willful participant in the joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 174 n.44 (1970) (citation and internal quotation marks omitted). Thus, "[t]he principal inquiry in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state.'"

Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

Three tests determine whether a private actor's conduct is fairly attributable to the state in order to hold the private actor liable under § 1983: (1) the public function test, (2) the state compulsion test and (3) the symbiotic relationship or nexus test. Id.

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . . . The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. . . . Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.

Lugar, 457 U.S. at 937.

Plaintiff's complaint fails to allege any facts that any Defendant acted under the color of state law or in concert with any governmental actor. Accordingly, the Court concludes that Plaintiff's § 1983 claims against all Defendants lack merit.

### C. Claims Under False Claims Act

Plaintiff asserts claims under 42 U.S.C. § 1395cc (a)(1)(M), 42 C.F.R. 405.1205, 405.1206, 422.620, and 422.622 against the Vanderbilt Defendants, the Kindred Defendants and Drs. Priyadarshi and Moore for their "failure to issue advance notice of discharge." These claims would arise under the Social Security Act and its regulations, but "federal regulations cannot themselves create a cause of action." Smith v. Dearborn Financial Sacs. Inc., 982 F.2d 976, 979 (6th Cir. 1993). Moreover, the federal statute must provide a private right of action. Id. ("Therefore, no implied private right of action can be found from the regulations standing alone.

Rather, the statute must be examined to determine if an implied private right of action can be found from the statute.") (citations omitted).

Forty-two U.S.C. § 1395cc (a)(1)(M) does not provide a private right of action. See Wentz v. Kindred Hospitals East, L.L.C., 333 F. Supp. 2d 1298, 1301, 1303 (S.D. Fla. 2004) ("the text and structure of § 1395cc ... contains no implied private right of action."); accord Massey v. Health First, Inc., No. 605CV480ORL31DAB, 2005 WL 1243772 at *2 (M.D. Fla. May 25, 2005); Olsen v. Quality Continuum Hospice, Inc., 380 F. Supp.2d 1225, 1229-30 (D. N.M. 2004) (neither the Social Security Act nor any Medicare regulation creates a private right of action); Ratmansky ex rel. Ratmansky v. Plymouth House Nursing Home, Inc., No. Civ.A. 05-0610, 2005 WL 770628, at *3 (E.D. Pa. April 5, 2005) (holding that there is no implied private right of action under the Social Security Act). Accordingly, the Court concludes that Plaintiff's claims under the Social Security Act fails to state a claim for relief.

As to Plaintiff's False Claims Act claims against the Kindred Defendants, "a *qui tam* relator--even one with a personal bone to pick with the defendant--sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants." United States ex rel. Szymczak v. Covenant Healthcare Sys., 207 Fed. Appx. 731, 732 (7th Cir. 2006) (citation omitted). Accord Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("we cannot interpret 28 U.S.C. § 1654 as authorizing *qui tam* relators to proceed pro se in FCA actions."); Zernik v. U.S. Dep't of Justice, 630 F. Supp. 2d 24, 27 (D.D.C. 2009) "pro se plaintiffs are not qualified to represent the interests of the United States in such an action.") (citations omitted); Carter v. Washtenaw County, No. 09-14994, 2010 WL 3222042, at *1 (E.D. Mich. August 13,

2010) ("A litigant cannot, however, bring a *qui tam* action under the False Claims Act pro se."). Accordingly, the Court concludes Plaintiff's allegations under the False Claims Act fail to state a claim.

For these reasons, the Court concludes that the Vanderbilt Defendants' motion to dismiss (Docket Entry No. 3), the Kindred Defendants' motion to dismiss (Docket Entry No. 5), and Drs. Priyadarshi's and Moore's motion to dismiss (Docket Entry No. 10) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 12th day of October, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

11